NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0396n.06

No. 08-3888

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 02, 2009**
LEONARD GREEN, Clerk

JOSE VICTOR TOBAR OSORIO,          )
                                   )
        Petitioner,                )
                                   )
v.                                 )    ON PETITION FOR REVIEW OF A
                                   )    FINAL ORDER OF THE BOARD OF
ERIC H. HOLDER, JR., United States Attorney )    IMMIGRATION APPEALS
General,*                          )
                                   )
        Respondent.                )
                                   )
                                   )

Before: SILER, GILMAN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Petitioner Jose Victor Tobar Osorio petitions for review of

the Board of Immigration Appeals' denial of his asylum application. We deny the petition.

I.

Osorio is a native and citizen of Guatemala. He unlawfully entered the United States in 1992

at age 17. In 1993, he applied for asylum on the ground that he feared persecution based on his

membership in a particular social group.

In his asylum application, Osorio stated that his father was an "elected military

commissioner" in his Guatemalan town, which was near the border with El Salvador. Osorio also

---

*Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr. is substituted for former Attorney General Michael B. Mukasey.

stated that his brother served in the town's "civil defense unit." Osorio claimed in the application that, in 1989, a Salvadoran guerrilla group crossed the border and "threaten[ed] to kill us all unless my father quit his duties as a military commissioner[.]" Osorio stated that the guerrillas later shot his father, who survived, but lost his eyesight. Osorio further claimed that the guerrillas kidnaped his brother in 1992 while his brother was on night patrol for the civil-defense unit, and that the guerillas kidnaped his father days later. Osorio asserted that the guerrillas told his mother, sister, and him "to leave our country if we wanted to save our lives." Osorio claimed that the three of them thereafter left Guatemala together to go to the United States.

In 2006, the Department of Homeland Security issued Osorio a Notice to Appear, alleging that he was subject to removal. Osorio renewed his application for asylum, and his case proceeded before an Immigration Judge (IJ).

At the IJ hearing, Osorio told a very different story than the one he told in his asylum application. He testified that the guerrillas had not threatened to kill him or his family. He stated that his father in fact had never been a military commissioner. He testified that he was not sure whether his father had lost his eyesight as a result of being shot or as a result of being struck by a rock. He testified that the guerillas had not kidnaped his brother while on night patrol for the civil-defense unit, but rather that they had kidnaped him to steal his cattle and money. And he testified that the guerrillas had not kidnaped his father at all. Finally, Osorio stated that his mother and sister had not left Guatemala with him; his mother continues to live in the same Guatemalan town, and his sisters and brothers have moved closer to the border with Mexico. He admitted that none of them has had any subsequent problems with the guerillas.

Based on these inconsistencies, the IJ found Osorio not credible and denied his asylum application. The Board of Immigration Appeals (BIA) affirmed. This petition for review followed.

II.

A.

An applicant must qualify as a "refugee" to be eligible for asylum. *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003). A refugee is someone who "is unable or unwilling to return to . . . [his] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. § 1101(a)(42). The applicant bears the burden of proving refugee status, and his testimony, "if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.13(a). If an IJ finds that an applicant is not credible, however, and the applicant presents no other evidence supporting his refugee status, he fails to meet his burden. *Hamida v. Gonzales*, 478 F.3d 734, 736 (6th Cir. 2007).

We review an adverse credibility determination for substantial evidence, and will uphold the determination "unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). An adverse credibility determination must be based on matters going to the "heart of an asylum applicant's claim, not based on an irrelevant inconsistency." *Id.* (internal quotation marks omitted). Because the BIA supplemented the IJ's ruling with its own comments, we review both decisions. *Elias v. Gonzales*, 490 F.3d 444, 449 (6th Cir. 2007).

B.

Osorio argues that the IJ's adverse credibility determination was not supported by substantial evidence. He concedes that his testimony at the IJ hearing "differed substantially" from his sworn statements in his asylum application, and does not dispute that the inconsistencies went to the heart of his asylum claim. Petr.'s Br. at 6-7. He argues only that the IJ and BIA "failed utterly to consider" his explanations for those inconsistencies. *Id.* at 7.

The record demonstrates otherwise. When the IJ asked Osorio to explain the inconsistencies, Osorio responded that "what I put down in the application and what I said today is the truth." Osorio also suggested that the inconsistencies were mere translation errors—he completed his asylum application with the aid of an interpreter—or were due to the fact that he was young when he filled out the application. The IJ considered each of these explanations, *see* J.A. 23-24, but found them "not convincing." Osorio otherwise offered no explanation for the inconsistencies; and the IJ and BIA thus found that Osorio was not credible.

Substantial evidence supports that finding. Osorio affirmatively stated under oath in his asylum application that his father had been kidnaped by Salvadoran guerrillas. But he admitted at the IJ hearing that that statement was false; his father had never been kidnaped. That inconsistency—among many others—went to the heart of Osorio's asylum claim, which was based on his purported fear of persecution by the guerrilla group due to his relation to his father. *Hamida*, 478 F.3d at 736. Osorio produced no evidence other than his own testimony. Consequently, Osorio failed to meet his burden of proving that he is a refugee entitled to asylum. *Id.* We therefore deny the petition.